```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ELLEN LUNTS, and ALEXANDER LUNTS

                        Plaintiffs,            07-CV-6272T
v.
                                               DECISION
ROCHESTER CITY SCHOOL DISTRICT,                and ORDER
SUNY EMPIRE STATE COLLEGE,
STATE UNIVERSITY OF NEW YORK (SUNY)

                        Defendants.
_____
```

Plaintiffs Ellen Lunts, and Alexander Lunts, proceeding pro se, bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), claiming that the defendants SUNY Empire State College and the State University of New York ("defendants") discriminated against Ellen Lunts ("Lunts" or "plaintiff") on the basis of her gender, color, and national origin. Specifically, plaintiff, who was employed under a two-year contract as an assistant professor with Empire State College, alleges that she was unlawfully terminated from her position on grounds that she is female, and is of foreign origin. Plaintiff also alleges that she did not receive equal pay and was harrassed because of her gender and origin, and was retaliated against for complaining of discrimination.

Defendants deny plaintiff's allegations, and move to dismiss plaintiff's Complaint on grounds that plaintiff failed to file an administrative complaint of discrimination within 180 days of the date on which she was informed in writing that her employment

contract would not be renewed.[1]  Defendants contends that because she failed to comply with the administrative filing requirement, she is barred from proceeding with this action.

For the reasons set forth below, I find that plaintiff's claims regarding the termination of her employment must be dismissed, but that plaintiff may proceed with her equal pay, harassment, and retaliation claims.

Pursuant to Title VII of the Civil Rights Act of 1964, "[a] Title VII plaintiff must file a complaint with the E[qual] E[mployment] O[pportunity] C[ommision] within 180 days of when she knew or had reason to know of the alleged unlawful employment action . . . ." Lennon v. City of New York, 392 F.Supp.2d 630, 638 (S.D.N.Y.,2005)(citing  42 U.S.C. § 2000e-5(e); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712-13 (2nd Cir. 1996).  The 180-day limit has been construed as a statute of limitations, and pursuant to the Supreme Court's opinion in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 108 (2002), "strict adherence" to the limitations period is mandated.

In this case, the record indicates that by letter dated December 19, 2005, plaintiff was informed by defendant SUNY Empire that her employment contract would not be renewed.  She filed her administrative complaint of discrimination with the EEOC on August 19, 2006, approximately 240 days after she was informed of the termination of her employment.  Because plaintiff filed her

---

[1] Defendant Rochester City School District has not been served in this action.

complaint well after the expiration of the 180-day time period, plaintiff has failed to establish that she has complied with the conditions precedent to filing a discrimination suit based on the termination of her employment in this court.

The fact that plaintiff's employment continued until August, 2006, or that she may have been discriminated against in other ways until August, 2006, does not change the result that her administrative complaint was not timely filed with respect to her claims for the allegedly unlawful termination of her employment. Under Title VII, the limitations period begins on the date upon which a plaintiff knows or had reason to believe that he or she was being discriminated against. Lennon v. City of New York, 392 F.Supp.2d at 638. In this case, the act that gave rise to plaintiff's claim (the termination of her employment) occurred on or about December 19, 2005. Accordingly, plaintiff had reason to believe that the alleged discrimination had occurred then, and was thus required to file her administrative complaint within 180 days of that act.

There is no indication in the record that the 180 limitation period should be tolled in this case. Additionally, the "continuing violation" doctrine is not applicable in this case. Under the doctrine of continuing violations, the 180-day period commences on the date on which the final discriminatory act occurred when the acts alleged are part of a continuing series of acts or pattern of behavior. Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993) (holding that under the continuing violation

exception to the statute of limitations, if a plaintiff files an EEOC charge that is timely to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone).  An act such as firing an employee, however, is a "discrete" act, and as such, is a separate incident of discrimination that must be acted upon by the filing of a formal complaint regardless if it is one of many allegedly discriminatory acts that take place over a period of time. <u>National Railroad Passenger Corp.</u>, 536 U.S. at 108.  Because plaintiff did not file her unlawful termination claim within 180 days of the date on which she was terminated, she has failed to comply with the requirements of Title VII, and therefor, I grant defendants' motion to dismiss plaintiffs unlawful termination claims.

Plaintiff, however, alleges several other acts of discrimination in her Complaint, including harassment, retaliation, and unequal pay.  There is nothing in the record to suggest that these claims are untimely, and therefor I deny defendants' motion to dismiss the plaintiff's claims with respect to those allegations.

With respect to the state claims made against the State defendants, those claims are barred pursuant to the guarantee of sovereign immunity as set forth in the Eleventh Amendment to the United States Constitution.  Unless a state has waived its sovereign immunity, neither a State nor its officials can be sued

4

in Federal Court for violations of State law.  <u>Papasan v. Allain</u>, 478 U.S. 265, 277 (1986).  Because New York has not waived such immunity, plaintiff may not proceed with her state claims against the state defendants.  Nor can Lunts proceed against any defendant pursuant to the Intergovernmental Personnel Act (42 USCS §§ 4701 et seq.), which does not provide for a private cause of action.

<u>CONCLUSION</u>

For the reasons set forth above, the motion of defendants SUNY Empire State College and the State University of New York to dismiss is granted in-part and denied in-part.  Plaintiffs' state law claims against the State defendants and her Intergovernmental Personnel Act claims against all defendants are dismissed.  Plaintiff's Title VII claims for termination of her employment are also dismissed.  Plaintiff's harassment, equal pay, and retaliation claims may proceed.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
   MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 22, 2007