```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELLEN LUNTS, and ALEXANDER LUNTS

                    Plaintiffs,              07-CV-6272T
v.
                                             DECISION
ROCHESTER CITY SCHOOL DISTRICT,              and ORDER
SUNY EMPIRE STATE COLLEGE,
STATE UNIVERSITY OF NEW YORK (SUNY)

                    Defendants.
_____
```

Plaintiffs Ellen Lunts, and Alexander Lunts, proceeding pro se, bring this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963 claiming that the defendants SUNY Empire State College and the State University of New York ("defendants") discriminated against Ellen Lunts ("Lunts" or "plaintiff") on the basis of her gender, color, and national origin. Specifically, plaintiff, who was employed under a two-year contract as an assistant professor with Empire State College, alleges that she was unlawfully terminated from her position on grounds that she is female, and is of foreign origin. Plaintiff also alleges that she did not receive equal pay and was harassed because of her gender and origin, and was retaliated against for complaining of discrimination.

Plaintiffs move to amend this Court's October 22, 2007 Order granting in-part the motion of defendant SUNY Empire State College, State University of New York to dismiss plaintiffs' Title VII claims on grounds that the plaintiffs had failed to timely file

their administrative complaint with the EEOC. In that Order, the Court held that because the plaintiffs had failed to file their administrative complaint within 180 of the date on which they allegedly learned of Ellen Lunts' termination from employment, their complaint was untimely.

    Pursuant to Title VII:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . ."

42 U.S.C. § 2000e-5(1).

    Although the statute clearly states that the 300 day time limitation applies only in cases where the plaintiff has filed a discrimination complaint with a state or local agency vested with authority to hear a discrimination claim, the statute has been interpreted to afford the 300 day time limitation to any person who lives in a jurisdiction in which a state or local agency has authority to investigate discrimination claims, regardless of whether or not that person has actually utilized the state or local procedures. Because New York State does have an agency which

investigates employment discrimination disputes, plaintiffs in New York State enjoy a 300 day time limitation to file administrative complaints, regardless of whether or not they have filed an administrative action with a State or local agency. <u>Settecase v. Port Authority of New York and New Jersey</u>, 13 F.Supp.2d 530, 533 (S.D.N.Y. 1998).

Because the time-limitation in New York for filing an administrative Complaint is 300 days, I grant plaintiffs' motion for reconsideration, and hold that plaintiffs' Title VII allegations are not barred as untimely.

Defendant City School District of Rochester ("City School District") also moves to dismiss the Complaint on grounds that plaintiffs' Title VII Claims are untimely, and that plaintiffs failed to timely serve the Complaint. As stated above, however, I find that because plaintiffs filed their administrative compliant within 300 days of the date on which Ellen Lunts allegedly received notice that her teaching position would not be renewed, I deny the City School District's motion to dismiss. Moreover, because plaintiffs were granted an extension of time to serve the Complaint on the City School District, I deny the City School District's motion to dismiss for failure to timely serve the Complaint.

For the reasons set forth above, the plaintiffs' motion to amend is granted, and plaintiffs may pursue their Title VII claims against defendant SUNY Empire State College, State University of

New York and the City School District. Defendant City School District of Rochester's motion to dismiss is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 21, 2008