**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ELLEN LUNTS,
ALEXANDER LUNTS,

        Plaintiffs,

v.

ROCHESTER CITY SCHOOL DISTRICT,
SUNY EMPIRE STATE COLLEGE,
STATE UNIVERSITY OF NEW YORK (SUNY),

        Defendants.

**DECISION & ORDER**
07-CV-6272

*FILED SEP 28 2010*

### Preliminary Statement

    This action stems from plaintiff Ellen Lunts's employment with the State University of New York ("SUNY") Empire State College ("ESC") in Rochester, New York. Plaintiff was employed by ESC from August 20, 2004 through August 31, 2006. In their Complaint, *pro se* plaintiffs allege, *inter alia*, that Mrs. Lunts was harassed, discriminated and retaliated against because of her national origin, ethnicity, sex and age. (Docket # 1). Currently pending before the Court are plaintiffs' motions for sanctions (Docket # 84), for reconsideration (Docket # 110), and to permit subpoenas of third parties (Docket # 115).

### Discussion

I.   Plaintiffs' Motion for Sanctions

    With the instant motion for sanctions (Docket # 84), plaintiffs seek to sanction defendants for alleged spoliation of evidence. Specifically, plaintiffs assert that defendants breached "their duty to preserve and produce documents including

electronically stored information where they intentionally altered integrity of email archives." See Plaintiff's Brief in Support annexed to Docket # 84. Plaintiffs contend that "Defendants intentionally committed spoliation of evidence." Id. Plaintiffs maintain that defendants failed to disclose various documents "because the complete disclosure of documents would be fatal to Defendants' case." Id. Plaintiffs estimate that defendants have improperly withheld over 20,000 e-mails. Id.

In response, defendants assert that "all e-mails that relate to or reference to 'Ellen Lunts' that are in their custody and control have been disclosed to the plaintiff (Bates # 000350 - 005451, previously disclosed to the Court and parties)." See Declaration of J. Richard Benitez, Esq. (Docket # 103) at ¶ 2. Defendants contend that plaintiff now "has custody and control over volumes of e-mails relating to (but not necessarily relevant or material to her claims) the complaint." Id. at ¶ 3. According to defendants, with the assistance of its IT staff they "preserved electronically stored information, and tangible things" that they had in their possession, custody and control. Id. at ¶ 5. Defendants argue that plaintiffs' motion for sanctions should be denied because they did not spoliate evidence and they produced "documents in excess of five thousand pages (5,000) to plaintiffs." Id. at ¶ 8.

2

On September 30, 2009, the Court issued a Decision and Order which granted in part and denied in part plaintiffs' motion to compel (Docket # 53). (Docket # 87). In its September 30th Decision (Docket # 87), the Court ordered the following:

> Although defendants have produced over 5,000 pages of documents of electronic communications and e-mails, plaintiffs maintain that defendants have not sufficiently responded to their request for preserved electronic communications relating to Ellen Lunts. Specifically, plaintiffs assert that defendants have improperly "withheld a large number of emails" and defendants only produced "those emails that will not harm Defendant's [sic] SUNY defense." See Plaintiffs' Second Reply (Docket # 66). **The Court hereby orders defense counsel to submit a Declaration within thirty (30) days of entry of this Order therein indicating whether any electronic/e-mail communications from August 2004 to present have been withheld and, if so, the reasons they have been withheld. Should defendants assert that certain responsive electronic/e-mail communications are privileged, then defendants are directed to produce a privilege log for all such information, as required by FRCP Rule 26(b)(5) and Local Rule 26(f).**

Further, in Footnote Number 1 of its Decision (Docket # 87), the Court ordered the following:

> The Court notes that on March 24, 2009 Mr. Benitez submitted for *in camera* review three documents that include e-mails from SUNY's in-house counsel, Wendy L. Kowalczyk, which Benitez asserts are protected by the attorney-client privilege. The March 24th letter to the Court indicates that a privilege log was attached to the correspondence along with the three un-redacted copies of the e-mails. A privilege log, however, was never attached. Accordingly, **defense counsel should provide a privilege log forthwith, and include therein any additional information in response to this Decision and Order.**

3

To date, defendants have not produced the court-ordered Declaration or privilege logs. Further, the Court's willingness to rely on the statements of defense counsel has been stretched to its limit. Defendants' refusal to timely comply with the orders of this Court not only frustrates the administration of justice, but, as plaintiffs' papers make clear, exacerbates the distrust and suspicion plaintiffs justifiably have towards the accuracy and completeness of the documents defendants do produce. A court, pursuant to its inherent powers, has the discretion to sanction conduct that it considers to be an abuse of the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 42-44 (1991); see also Murphy v. Bd. of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 224 (W.D.N.Y. 2000). To impose sanctions, the court must find that the offending conduct "was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'" Murphy, 196 F.R.D. at 225 (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 326 (2d Cir. 1999)). The Supreme Court has noted that sanctions serve to "penalize those whose conduct may be deemed to warrant such a sanction, but [also] to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).

The Court, having reviewed the papers in support of (Dockets ## 84, 105) and in opposition to (Docket # 103) plaintiffs' motion

4

for sanctions (Docket # 84), will impose sanctions if the defendants do not comply with the previous Order of the Court (Docket # 87) forthwith. Accordingly, the Court hereby Orders the following:

1. Defense counsel shall submit a Declaration by October 8, 2010 and state with specificity whether any electronic/e-mail communications from August 2004 to present have been withheld and, if so, the reasons they have been withheld. Should defendants assert that certain responsive electronic/e-mail communications are privileged, then defendants are directed to produce a privilege log for all such information, as required by FRCP Rule 26(b)(5) and Local Rule 26(f) by **October 8, 2010**. If defense counsel fails to provide the Court ordered information by **October 8, 2010**, defendants **shall be sanctioned in the amount of five hundred dollars ($500.00)**.

2. Defense counsel shall submit to the Court the privilege log referenced in Mr. Benitez's March 24, 2009 letter by **October 8, 2010**. If defense counsel fails to provide this Court ordered privilege log by **October 8, 2010**, defendants **shall be sanctioned an additional five hundred dollars ($500.00)**.

II. Plaintiff's Motion for Reconsideration

In their motion for reconsideration (Docket # 110), plaintiffs request that the Court reconsider its September 30, 2009 Decision and Order (Docket # 87) which granted in part and denied in part plaintiffs' motion to compel (Docket # 53). The Court sees no reason to reconsider its previous Order. The Court set forth in its September 30th Order that: (1) "the Luntses are advised that they would be well-served to make their motion papers more understandable by concisely listing for the Court what documents they seek and the reasons they are seeking them"; (2) defendants were ordered to produce various discovery documents, privilege logs and declarations; and (3) the remainder of plaintiff's repetitive demands for discovery were denied. See Decision and Order dated September 30, 2009 (Docket # 87) at pp. 2-3 (noting that plaintiffs' motion to compel sought "a wide variety of documents that are already in their possession"). In Section I supra, the Court addresses defendants' failure to provide the previously Court ordered Declarations and privilege logs, and again Orders production of said documents. There is no reason for the Court to change its ruling at this time and, therefore, plaintiffs' motion for reconsideration (Docket # 110) is **denied**.

III. Plaintiffs' Motion to Permit Subpoenas of Third Parties

In this motion filed in January 2010 (Docket # 115), plaintiffs seek permission to subpoena third parties and phone

records pursuant to Rule 45 of the Federal Rules of Civil Procedure. Specifically, plaintiffs seek to depose the following four "former Defendants' employees" because they "were named by Defendants as individuals likely to have discoverable information": (i) Joseph B. Moore; (ii) Richard Iuly; (iii) Mitch Addams; and (iv) Dolores Gonzalas-Habes. (Docket # 115). Plaintiffs further move to "subpoena phone records, including Plaintiffs' phone records" in an effort to "trace Plaintiff's every-minute activity and put Plaintiff and specific individuals at certain locations at specific time." Id. Plaintiffs maintain that the phone records "will show that Plaintiff was either at home or in her office communicating by sending emails or talking over the phone and not in RCSD schools as Defendants claimed." Id. Plaintiffs seek to subpoena phone records from thirteen different phone numbers. Id.

On January 27, 2010, this Court issued a Scheduling Order (Docket # 116) with respect to plaintiffs' motion (Docket # 115). Defendants' response to plaintiffs' motion was due by March 1, 2010. (Docket # 116). Defendants did not comply with the Scheduling Order and, to date, have not filed a response to plaintiffs' motion. Instead, by letter dated April 30, 2010, defense counsel, J. Richard Benitez, Esq., informed the Court that "the plaintiffs and I have worked together to informally resolve [the depositions] issue, in order to avoid further motion practice by the parties." (Docket # 122). Benitez further indicated that

7

"the plaintiffs and I ... can attest that hours of discussion over the past two days have resulted in an accord between the parties." Id. By letter dated September 22, 2010, defense counsel, Cara M. Briggs, Esq., advised the Court that every witness noticed by plaintiffs (seven witnesses) has been deposed in the sequence requested by the plaintiffs. Briggs also noted that, as per plaintiffs' request, the plaintiffs recorded the depositions by audiotape and videotape. Finally, in a letter dated September 24, 2010, Mr. Benitez informed the Court that "I believe that discovery is now complete." However, no written stipulation or request withdrawing plaintiffs' motion has been submitted or filed and the Court is now obligated to decide what may be a moot motion.

There is no question that the four individuals plaintiffs seek to depose have information relevant to the case as the defendants affirmatively stated as much in their initial disclosures. Given that all four individuals were described as employees of defendants, it is conceivable that defense counsel would stipulate to make these individuals available for a deposition without subpoena. If not, defense counsel shall provide plaintiffs with current addresses for these individuals so that they may be served with deposition subpoenas. If subpoenas are necessary, plaintiffs are advised to follow the Federal Rules of Civil Procedure with respect to service and witness fees. Consistent with the above, and assuming such witnesses have not yet been deposed, the Court

8

**grants** plaintiffs' motion to permit subpoenas of the four individuals listed in their motion (Joseph Moore, Richard Iuly, Mitch Addams and Dolores Gonzalas-Habes). These four depositions shall be completed by **November 5, 2010**. Within **ten (10) days** of entry of this Order, defense counsel shall advise the Court and plaintiffs whether they will stipulate to make the witnesses available for deposition or accept service of the subpoenas on behalf of these individuals.

As to telephone records, plaintiffs apparently seek the records to prove Mrs. Lunts "was either at home or in her office" at time periods they deem relevant. Plaintiffs seeks to subpoena the records from thirteen different phone numbers. Perusing the phone records of individuals, many of whom may not be parties to this action, is a highly intrusive method of discovery and implicates the privacy rights of those whose phone records are being examined. I see no reason why plaintiffs would not be able to obtain their own telephone records from their carrier without a court issued subpoena. As to other phone numbers, plaintiffs have not identified whose phone numbers they are or why a less intrusive method of proof would not suffice. Accordingly, the Court further Orders that plaintiffs' request to subpoena telephone records (Docket # 115) is **denied**.

Finally, in Mr. Benitez's September 24th letter, he requests that the deadline for dispositive motions be extended. The Court

9

hereby grants that request and Orders that dispositive motions be filed by **November 30, 2010**.

## Conclusion

Plaintiffs' motion for sanctions (Docket # 84) is **granted** should defendants fail to comply with this Decision and Order. Plaintiffs' motion for reconsideration (Docket # 110) is **denied**. Plaintiffs' motion to permit subpoenas (Docket # 115) is **granted in part and denied in part**. Dispositive motions shall be filed no later than **November 30, 2010**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 28, 2010
Rochester, New York