**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

ELLEN LUNTS,
ALEXANDER LUNTS,

                Plaintiffs,

    v.                                  **ORDER**
                                            07-CV-6272

ROCHESTER CITY SCHOOL DISTRICT,
SUNY EMPIRE STATE COLLEGE,
STATE UNIVERSITY OF NEW YORK (SUNY)

                Defendants.

---

On September 28, 2010, this Court issued a Decision and Order (Docket # 126), therein ordering, *inter alia*, defense counsel, J. Richard Benitez, Esq., to submit to the Court the privilege log referenced in his March 24, 2009 letter by October 8, 2010. On October 7, 2010, Mr. Benitez timely filed a Declaration with the Court and attached as Exhibit "A" a privilege log in response to the Court's September 28th Order. See Declaration of J. Richard Benitez, Esq. (Docket # 128). The privilege log lists three e-mail documents which Benitez submits are protected by the attorney-client privilege. In describing the e-mails at issue, Benitez includes the dates of the e-mails, who the e-mails are to and from, and that they are protected by the attorney-client privilege. See Exhibit "A" attached to Docket # 128. For the reasons that follow, the Court finds that defense counsel's privilege log is inadequate.

"The party claiming the benefit of the attorney-client privilege shoulders the burden of establishing all of its essential

elements." ABB Kent-Taylor, Inc. v. Stallings & Co., 172 F.R.D. 53, 58 (W.D.N.Y. 1996)(citing United States v. Adlman, 68 F.3d 1495, 1500 (2d Cir. 1995)). "Blanket assertions of privilege are insufficient to satisfy this burden." Burns v. Imagine Films Entm't, 164 F.R.D. 589, 593 (W.D.N.Y. 1996). To properly demonstrate that the attorney-client privilege exists, the privilege log must:

> (1) identify each document and its author, (2) identify the date the document was created, (3) identify the purpose for which the document was made and why such document should be considered primarily legal advice, (4) identify the name and position of all the named recipients of the document, (5) identify the name and positions of any other individuals who received the document, and (6) contain a specific and detailed explanation of why the particular document is claimed to be privileged.

ABB Kent-Taylor, Inc., 172 F.R.D. at 58; see also Burns, 164 F.R.D. at 594 (instructing that the privilege log should also explain "how each element of the privilege is met as to that document"). Counsel should submit enough information "to permit the court or opposing counsel to determine whether the privilege asserted applies to that document." Burns, 164 F.R.D. at 594. The failure to provide the above-referenced information may result in denial or waiver of the privilege. See id.; see also Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C., 499 F. Supp. 2d 475, 478-79 (S.D.N.Y. 2007).

Here, Mr. Benitez provided a privilege log with scant information and conclusory invocation of the attorney-client privilege. Mr. Benitez failed to (i) identify the purpose for which the e-mails were made and why such document should be considered primarily legal advice, (ii) identify the name(s) and position(s) of all the named recipients of the document, (iii) identify the name(s) and position(s) of any other individuals who received the document, (iv) proffer a specific and detailed explanation of why the particular document is claimed to be privileged, and (v) explain how each element of the attorney-client privilege is met as to each of the listed e-mails. As a result, the Court hereby Orders that Mr. Benitez shall re-submit to the Court a valid privilege log with the above-referenced missing information by January 31, 2011. If defense counsel fails to provide this Court ordered privilege log by **January 31, 2011, defendants shall be required to produce the information alleged to be privileged for failure to submit a valid privilege log.**

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: January 12, 2011
Rochester, New York